IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:20CR3077 |
| vs. | |
| ASHLEY N. O'CONNELL, | ORDER |
| Defendant. | |

This matter is before the court on the government's motion to exclude time under the Speedy Trial Act. (Filing No. 59). As to this motion, Defense counsel has advised the court:

> I just got off the telephone with Ashley. She would like a full 70 days to review the materials, etc. In so much as it matters, I can verify that she understands her speedy trial right and is willing to waive it to give me the proper amount of time necessary to prepare.

The court therefore finds the government's motion is unopposed. Notwithstanding Defendant's consent, the court hereafter explains why it is granting the government's motion to exclude additional time under the Speedy Trial Act.

This defendant was represented by her previous appointed counsel since her first appearance before the court on August 7, 2020. (Filing Nos. 8- 13). At the initial appearance, trial was set for October 5, 2020 and the government moved for detention. (Filing Nos. 8- 13). The detention hearing was held on August 10, 2020, and the court ordered that the defendant be detained. (Filing Nos. 14-17).

On September 21, 2021, the court was notified that Defendant wished to enter a plea of guilty. The case was removed from the October 5, 2020 trial docket and an order was entered setting the change of plea hearing to be held on November 5, 2020. (Filing No. 18). The order setting the plea hearing stated the time between September 21, 2020 and "the district court judge's acceptance or rejection of the anticipated plea of guilty shall be deemed excluded in any computation of time under the requirements of the Speedy Trial Act . . . ." (Filing No. 18). As of the date this order was entered, the time between August 10, 2021 and September 21, 2020 – 41 days – had expired on the speedy trial clock.

The defendant moved for release to attend treatment. (Filing No. 19). That motion was granted on October 14, 2020. (Filing No. 24). Since the treatment program was not completed as of November 5, 2020, the date of the scheduled change of plea hearing, the defendant moved to continue the change of plea hearing. The hearing was continued to November 18, 2020. (Filing Nos. 26-28). But on November 11, 2020, Defendant left the treatment facility and absconded, (Filing Nos. 29-31), and she did not appear at her change of plea hearing. (Filing No. 32). Her lawyer orally moved to continue the change of plea hearing on November 18, 2020, and on December 21, 2020. (Filing Nos. 32, 33, 36, & 37). Since Defendant's whereabouts remained unknown as of January 20, 2021, the court entered an order continuing the change of plea hearing until further order of the court and excluded the time under the Speedy Trial Act until the district court judge accepted or rejected Defendant's anticipated plea of guilty. (Filing Nos. 39-40).

On June 23, 2021, Defendant was arrested on state charges in Iowa. (Filing No. 42). This court was notified of Defendant's arrest and location on July 23, 2021. (see 7/23/2021 Nonpublic remark). Her previous appointed counsel for

this lawsuit met with her at the Pottawattamie County Jail on July 27, 2021. (Filing No. 41-1).

On July 30, 2021, Defendant's motion for new counsel was filed. (Filing No. 43). The motion was granted on August 19, 2021. (Filing Nos. 53-54). After a new attorney was identified, the court set a hearing to be held on September 21, 2021, the purpose being to whether the defendant still intended to enter a plea of guilty. (Filing Nos. 56-58). At that hearing, Defendant's newly appointed counsel stated he needed time to obtain and review the government's Rule 16 disclosures and meet with the defendant. In other words, with new counsel now appointed, the case was essentially beginning anew. The court verbally stated the time between the date the defendant absconded, November 11, 2020, and the date of the hearing, September 21, 2021 must be excluded under the Speedy Trial Act. (Filing No. 58, audio file).

The government then asked that the time until the new trial date, November 29, 2021, be excluded in the interest of justice. Upon reflection, the court realized that if very little time was left of the Speedy Trial clock, and the trial was set to commence before the time expired, the defendant may not have adequate time to prepare for trial. And if the trial date was set far enough in the future to permit the defendant to prepare, the case could be subject to dismissal for violation of the Speedy Trial Act. The court asked the government to investigate the amount of time remaining on the speedy trial clock and apprise the court of its position. (Filing No. 58, audio file). The pending motion, unopposed by the defendant, was filed by the government in response to the court's request. (Filing No. 59)..

There are only 29 days left on the speedy trial clock, and defense counsel has not yet reviewed the government's discovery. A trial setting within 29 days

3

will not afford sufficient time for Defendant's new counsel to review the entire case and either be ready for trial or provide informed advice on whether to enter a plea of guilty. The court therefore finds the interests of justice outweigh the interests of the public and the defendant in conducting a trial within the time limits of the Speedy Trial Act, because although counsel have been duly diligent, additional time is needed to adequately prepare this case for trial and failing to grant additional time might result in a miscarriage of justice. 18 U.S.C. § 3161(h)(1) & (h)(7). As such, the time from September 21, 2020 (when Defendant asked to remove this case from the trial docket and set a change of plea hearing) until November 29, 2021 (the new trial date), will be excluded from the calculation of time under the Speedy Trial Act. See United States v. Rector, 598 F.3d 468, 473 (8th Cir. 2010)(affirming the exclusion of time from the notice to the court of Defendant's intent to enter a change of plea through the trial date ultimately set after the defendant withdrew his intent to plead and hired new counsel).

Accordingly,

IT IS ORDERED:

1) The government's unopposed motion to exclude time under the Speedy Trial Act, (Filing No. 59), is granted.

2) The time between September 21, 2020 and November 29, 2021 is excluded from the calculation of time under the Speedy Trial Act in the interests of justice. 18 U.S.C. § 3161(h)(1) & (h)(7).

3) Failing to timely object to this order as provided under this court's local rules will be deemed a waiver of any right to later claim the time should not have been excluded under the Speedy Trial Act.

September 22, 2021.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge