IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:20-CR-3077 |
| vs. | |
| ASHLEY N. O'CONNELL, | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the second revised presentence investigation report in this case. Both parties have objected to the presentence report. Filing 92; filing 95. The defendant has moved for a downward variance. Filing 95.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

   (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

   (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

   (c) impose upon the United States the burden of proof on all Guidelines enhancements;

    (d)    impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e)    depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f)    in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.     The government (filing 92) and defendant (filing 95) have objected to the presentence report's determination that the defendant is responsible for 7.3 kilograms of methamphetamine mixture, pointing to the plea agreement in which the parties stipulated to a drug quantity of at least 1.5 but not more than 5 kilograms of methamphetamine. Filing 92 at 1-3; filing 95-1 at 2; *see* filing 82 at 3. The Court will resolve those objections at sentencing, noting the government's burden to prove drug quantity. *United States v. Young*, 689 F.3d 941, 945 (8th Cir. 2012).

    The defendant has also objected to the two-level enhancement to the offense level pursuant to U.S.S.G. § 2D1.1(b)(1) for possessing a dangerous weapon—specifically, a firearm—in connection with the offense. Filing 95-1 at 3. She was arrested after a traffic stop and found to be in a stolen vehicle with baggies of methamphetamine, a scale, and a handgun under the driver's seat. Her claim is that she borrowed the vehicle and that there's "no evidence that [she] knew the firearm was present in the vehicle." Filing 95-1 at 3.

For § 2D1.1(b)(1) to apply, the government must prove by a preponderance of the evidence that there was a temporal and spatial nexus among the weapon, defendant, and drug-trafficking activity. *United States v. Escobar*, 909 F.3d 228, 240 (8th Cir. 2018). But § 2D1.1(b)(1) should be applied if the weapon is present, "unless it is clearly improbable that the weapon was connected with the offense." *Id*., cmt. n.11(A); *see United States v. Bandstra*, 999 F.3d 1099, 1101 (8th Cir. 2021). That's "a very low bar," and evidence the weapon was found in the same location as drugs or drug paraphernalia usually suffices. *United States v. Ashburn*, 865 F.3d 997, 999-1000 (8th Cir. 2017). But because the government has the burden of proof on this issue, *see id*. at 999, the Court will make a final determination at sentencing.

The defendant also argues that if the Court sustains her objection to the weapon enhancement, she meets the criteria for safety valve relief pursuant to U.S.S.G. § 5C1.2(a). Filing 95-1 at 4. She would then receive a two-level reduction in the offense level pursuant to § 2D1.1(b)(18), and no longer be subject to the statutory mandatory minimum. *See* § 3553(f). But it's the defendant's burden to show that she qualifies for safety valve relief. *United States v. Trujillo-Linares*, 21 F.4th 527, 529 (8th Cir. 2021). Accordingly, the Court will resolve this issue at sentencing.

Finally, the defendant asks for a downward variance based on her personal circumstances and the circumstances of the offense. Filing 95; filing 95-1 at 5. The Court will resolve that request at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the

preceding paragraphs, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 20th day of July, 2022.

BY THE COURT:

John M. Gerrard
United States District Judge